RECEIPT #
AMOUNT $ 5
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. 14
DATE 12-21-04

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**AARON J. RAMBO,**
        Petitioner,

v.                                                    Civ. No. _____

**DAVID WINN, as Warden of FMC Devens,**
**and**
**JOHN ASHCROFT, as Attorney General of**
**the United States,**
        Respondents.

MAGISTRATE JUDGE

### VERIFIED COMPLIANT
### AND PETITION FOR WRIT OF *HABEAS CORPUS*
### PURSUANT TO 28 USC §2241.

Now comes the Petitioner, Aaron Rambo, and brings this petition for writ of *habeas corpus* and complaint for declaratory and injunctive relief under the United States Constitution and the Administrative Procedure Act, saying:

### INTRODUCTION

1.      The Petitioner, Aaron Rambo is a federal prisoner, incarcerated at FMC Devens, whose statutory and due process rights are being violated by the Bureau of Prisons' misinterpretation of 18 U.S.C. §3624(b), depriving him of eligibility for 54 days of good conduct time (GCT) credit for each year of his term of imprisonment to which he is statutorily entitled.

2.      The Petitioner's statutory and due process rights are further being violated by the Bureau of Prisons' misinterpretation of 18 USC §3621(b), denying him eligibility to serve the last six months of his sentence at a Community Correction Center (CCC).

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. §2241, in that the

Petitioner's term in federal custody is being determined in violation of the Constitution and laws of the United States.

4. The Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, in that the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

5. The Petitioner further invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), in that the Petitioner seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

6. Venue is proper in this District pursuant to 28 USC §1391(e), in that the Petitioner is incarcerated at a federal institution located in the District of Massachusetts.

**PARTIES**

7. Aaron Rambo is a federal prisoner presently confined at FMC Devens, located in Ayer, Massachusetts, pursuant to the judgment of the United States District Court for the District of Ohio, in Akron.

8. David Winn is the Warden of FMC Devens, and through the Bureau of Prisons (BOP), an agency of the United States Department of Justice, is responsible for the Petitioner's custody and calculation of his term of confinement. On information and belief, Defendant Winn is a resident of the Commonwealth of Massachusetts.

9. John Ashcroft is the Attorney General of the United States and the Chief Executive Officer of the Department of Justice. The *Respondent* Ashcroft frequently delegates his powers to senior officials of the DOJ and the BOP. On information and belief, *Respondent* Ashcroft is a resident of the District of

Columbia.

### COUNT I

10.    On July 22, 2003, the Petitioner was arrested and charged in the Northern District of Ohio, Eastern Division (Akron), with violations of 18 USC §§1470 and 2422(b). A three count indictment was returned on August 19, 2003, *United States v. Aaron Rambo*, No. 5:03-cr- 00342-PAG. (Copies of the docket report and the indictment are included in the accompanying Appendix, as Exhibits A and B respectively.)

11.    On October 29, 2003, the Petitioner pleaded guilty to Count One of the indictment, charging violation 18 USC §2422(b), pursuant to a plea agreement which provided for the dismissal of Counts Two and Three.

12.    On February 17, 2004, the Honorable Patricia A. Gaughan, sentenced the Petitioner upon his conviction for violation of 18 USC §2422(b), to a term of imprisonment of 27 months with 3 years supervised release. Counts Two and Three were dismissed.

13.    The Petitioner has been in custody in connection with this offense since July 22, 2003.

14.    18 U.S.C. §3624(b) provides in part that, "a prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence ... of up to 54 days at the end of each year of the prisoner's term of imprisonment....[C]redit for the last year or portion of a year shall be prorated and credited within the last six weeks of the sentence."

15.    Applying this statutory formula, the Petitioner is entitled to 54 days GCT for the first year of his sentence, 54 days for the second year of his sentence, and 13 days for the final 3 months of his sentence, for a total presumptive GCT

award of 121 days.

16.     Contrary to statute, but pursuant to its Program Statement 5880.28, the BOP allows a maximum GCT of 47 days at the end of each year rather than the statutory mandate 54 days. This is accomplished by the BOP basing its calculations on the actual time in prison, *after* the presumptive 54 days GCT has already been deducted, rather than on the length of the sentence actually imposed. (See, BOP Program Statement 5880.28, pp. 1-40 through 1-62, available at http://www.bop.gov, Exhibit C.)

17.     Contrary to statute, the BOP has calculated the Petitioner's sentence to reflect a potential award of 105 days of GCT, rather than 121 days. (See, Inmate Progress Report, dated June 5, 2004, Exhibit D.)

18.     On or about June 15, 2004, the Petitioner submitted an Inmate Request to Staff form to the ISM department, complaining that his GCT had been incorrectly calculated, and requesting that GCT be correctly calculated at the statutory rate of 54 days per year. In response, the Petitioner was informed "Your good conduct time was correctly calculated." (See, Inmate Request to Staff, dated 6/15/04, Exhibit F.)

19.     On or about June 17, 2004, the Petitioner submitted a further Inmate Request to Staff form to his Unit Team Counselor, again complaining that he his GCT has been incorrectly calculated, and requesting that GCT be correctly calculated at the statutory rate of 54 days per year. In response, the Petitioner was told, "You will need to speak to someone from the ISM Department." (See, Inmate Request Form, dated 6/17/04, Exhibit G.)

20.     On or about July 7, 2004, the Petitioner submitted a form, so-called BP 8 1/2, requesting informal resolution of his complaint that his GCT had been

incorrectly calculated, with the request that GCT be correctly calculated at the statutory rate of 54 days per year. In response, the Petitioner was advised, "Upon review of your complain it has been determined that your complaint cannot be informally resolved. Therefore, you must submit a BP 9 to get an administrative remedy response." (See, Request for Informal Resolution, dated 7/7/04, Exhibit H.)

21.     On or about July 14, 2004, the Petitioner submitted a Request for Administrative Remedy, so-called BP 9, requesting administrative relief for his complaint that GCT has been incorrectly calculated, and requesting that GCT be correctly calculated at the statutory rate of 54 days per year. (See, Request for Administrative Remedy, dated 7/14/04, Exhibit I.)

22.     On or about July 30, 2004, *Respondent* David Winn denied the remedy, stating that, "The Bureau has interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed." (See, Response to Request for Administrative Remedy #344551-F1, dated 7/30/04, Exhibit J.)

23.     On or about August 10, 2004, the Petitioner submitted a Request for Administrative Appeal, so-called BP 10, requesting administrative review of the denial of his complaint that GCT has been incorrectly calculated. (See, Request for Administrative Appeal, dated 8/10/04, Exhibit K.)

24.     On or about September 13, 2004, D. Scott Dodrill, Regional Director of the BOP denied the appeal, stating in part that §3624(b) "requires credit after the actual service of a year," and that "the institution correctly determined your eligibility for GCT." (See, Part B-Response, dated 9/13/04, Exhibit L.)

25.     On or about September 17, 2004, the Petitioner submitted a Central

Office Administrative Remedy Appeal, so-called BP 11, requesting final administrative review of his complaint that GCT has been incorrectly calculated. (See, Central Office Administrative Remedy Appeal, dated 9/17/04, Exhibit M.)

26.     On or about December 7, 2004, the Petitioner received notice that Central Office Administrative Appeal had been denied on November 19, 2004. (See, Administrative Remedy Generalized Retrieval, dated 12/7/04, Exhibit N.) Thereafter, the Petitioner received the letter of denial dated November 19, 2004, issued by Harrell Watts, Administrator of National Inmate Appeals. (*Id.*)

27.     The Petitioner has exhausted his administrative remedies.

28.     Notwithstanding the Petitioner's efforts to resolve this matter administratively, exhaustion of administrative remedies is not a requirement for the prosecution of this action.

29.     The action of the BOP in denying the Petitioner the full 54 days per year good time credit is in violation of his statutory rights, secured by 18 USC §3624(b).

30.     The action of the BOP in denying the Petitioner the full 54 days per year good time credit is in violation of his right to due process of law, secured by the Due Process Clause of the Fifth Amendment.

<h3 style="text-align:center">COUNT II</h3>

31.     Paragraphs 1-30 are incorporated herein by reference.

32.     18 USC §3621(b) provides in part that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau...."

33.     The Bureau of Prisons and the Department of Justice agree that a

Community Correction Center (CCC) is a "penal or correctional facility" within the meaning of 18 USC §3621(b). (See, BOP Program Statement 7310.04, p. 4, available at http://www.bop.gov, Exhibit O; and DOJ Office of Legal Counsel Opinion, dated 3/25/92, p. 7, available at http://www.usdoj.gov/olc/quinlan.15.htm, Exhibit P.)

34.     On information and belief, prior to approximately December 20, 2002, the BOP had a long-standing and well established practice of designating federal prisoners to CCCs for the service of the last six months of their sentences.

35.     On December 13, 2002, the Department of Justice, Office of Legal Counsel (OLC) issued a Memorandum opining that the BOP lacked discretionary authority, conferred by statute, to designate prisoners to serve all or part of their sentences at a CCC. The OLC further opined that the authority to transfer any prisoner to a CCC was limited in duration by 18 USC §3624(c) to the last 10% of the sentence, not to exceed six months. (See, Memorandum Opinion, dated 12/13/02, available at http://www.usdoj.gov/olc/bopimprisonment2.htm, Exhibit Q.)

36.     On December 16, 2002, the Deputy Attorney General issued a Memorandum to the Director of the BOP instructing that based on the recent opinion of the Office of Legal Counsel, the BOP must take steps to stop its "unlawful" reading the term "imprisonment" as used in 18 USC §3621 to include placement in a CCC, and its "unlawful" policy of placing "low-risk, non-violent offenders with short terms of imprisonment in a community corrections center." (See, Memorandum of the Deputy Attorney General, dated, 12/16/02, available at http://www.usdoj.gov:80/04foia/readingrooms/imprisonment.htm, Exhibit R.)

37.    On December 20, 2002, the Director of the BOP issued a
Memorandum to Federal Judges, announcing that in accordance with recent
directives from the DOJ Office of Legal Counsel, it was announcing a significant
procedure change according to which the BOP would no longer use CCCs as a
"substitute" for imprisonment. (See, Memorandum for Federal Judges, dated
12/20/02, available at http://www.bop.gov/ogcpg/ogcdirector_notice.pdf,
Exhibit S.)

38.    The policy of the Bureau of Prisons, limiting a prisoner's eligibility
for transfer to a CCC constitutes a rule within the meaning of the Administrative
Procedures Act (APA), 5 USC §553, *et seq.*

39.    This rule adopted by the BOP was adopted in violation of the
notice and comment provisions of the APA.

40.    In the absence of this procedure change incorporated in the new
rule, the Petitioner would have been considered eligible for designation to a CCC
on or about January 18, 2005, or six months prior his projected good conduct
release date of June 18, 2005.

41.    In contravention of the BOP's prior policy, and in derogation of its
discretionary authority to designate prisoners to any appropriate correctional
facility, the Petitioner's eligibility to serve any portion of his sentence at a CCC
has been limited to 10% of his total sentence, or 2.7 months, pursuant to 18 USC
§3624(c), resulting in a placement date of April 25, 2005. (See, Ex. E, ¶17.)

42.    On or about June 17, 2004, the Petitioner submitted an Inmate
Request to Staff form to his Unit Team Counselor complaining of the invalidity
of the process by which the BOP changed its policy to one limiting eligibility for
a transfer to a CCC to the last 10% of a sentence, and requesting that he be

permitted to serve the last six months of his sentence at a CCC. In response, the Petitioner was told, "You will need to speak to someone from the ISM Department." (See, Inmate Request Form, dated 6/17/04, Exhibit F.)

43.    On or about June 24, 2004, the Petitioner submitted a further Inmate Request form to the ISM Department, complaining of the procedure whereby the 10% limitation was adopted, and requesting transfer to a CCC for the final six months of the sentence, rather than for the final 2.7 months, or 10%, of the sentence. In response, the Petitioner was advised to, "See your Unit Team for a response." (See, Inmate Request Form, dated 6/24/04, Exhibit T.)

44.    On or about July 8, 2004, the Petitioner submitted a form, so-called BP 8 1/2, seeking informal resolution of his complaint that the time during which he might serve his sentence at a CCC should not be limited to 10% of his sentence, or 2.7 months; and requesting transfer to a CCC 6 months six months prior to his release date. In response, the Petitioner was advised, "Upon review of your complaint it has been determined that pre-release programming CCC designations are limited in duration to the last 10% of the prison sentence, not to exceed 6 months. This limitation applies to all U.S. Code and D.C. Code offenders whose prisons sentences are administered by the Bureau of Prisons." (See, Request for Informal Resolution, dated 7/8/04, Ex. U.)

45.    On or about July 14, 2004, the Petitioner submitted a so-called BP 9 requesting administrative relief for his complaint that the 10% policy had been declared invalid and requesting that he be permitted to serve the last six months at a CCC, rather than be limited to 2.7 months, or 10% of his sentence. (See, Request for Administrative Review, dated 7/14/04, Exhibit V.) On August 2, 2004, the Petitioner was advised to refile the request. (Id.)

46.    On or about August 11, 2004, the Petitioner refiled the so called BP 9, again requesting correction of the error with respect to his consideration for a CCC. (See, Request for Administrative Remedy, dated 8/11/04, Exhibit W.)

47.    On or about August 26, 2004, *Respondent* David Winn responded, denying the request, stating "the 2.7 months to be served at a Community Corrections Center is justified according to the '10 percent' policy." (See, Response to Request for Administrative Remedy #347723-F1, dated 8/26/04, Exhibit X.)

48.    On September 3, 2004, during the pendency of the administrative process, the Court of Appeals for the First Circuit decided *Goldings v. Winn*, 383 F. 3d 17 (1st Cir., 2004), holding that 18 U.S.C. §3621(b) grants the BOP discretion to designate a prisoner to serve any part of his sentence at a CCC.

49.    On October 6, 2004, the Petitioner submitted a Central Office Administrative Remedy Appeal, so-called BP 11, requesting final administrative review of his complaint that, pursuant to an invalid BOP policy, he had been denied access to a CCC for any period greater than the last 10% of his sentence. (See, Central Office Administrative Remedy Appeal, dated 10/6/04, Exhibit Y.)

50.    On or about December 3, 2004, Harrell Watts, Administrator of National Inmate Appeals, denied the appeal, relying on the discredited opinion of the Office for Legal Counsel of December 13, 2002, which interprets §3624(c) as limiting "the transfer of an inmate to a CCC to the last 10% of an inmate's prison term, not to exceed six months." (See, Administrative Remedy Response No. 347723-A1, Ex. Z.)

51.    Notwithstanding the Petitioner's efforts to resolve this matter administratively, exhaustion is not a requirement for the prosecution of this

action

52.    Notwithstanding *Goldings*, the BOP has persisted in its illegal application of §3621(b).

53.    The action of the BOP in denying the Petitioner eligibility for consideration for transfer to a CCC for service of the last six months of his sentence is in violation of his statutory rights, secured by 18 USC §3621(b).

54.    The action of the BOP in denying the Petitioner eligibility for consideration for transfer to a CCC for service of the last six months of his sentence is in violation of his right to due process of law, secured by the Due Process Clause of the Fifth Amendment.


**WHEREFORE**, the Petitioner prays that this Court:

a.    declare that 18 U.S.C. §3624(b) requires that good conduct time be calculated at the statutory rate of 54 days per year, based on the length of the actual sentence imposed by the Court;

b.    declare that the Petitioner's potential good conduct time award based on the sentence imposed by the Court shall be 121 days;

c.    enjoin the Respondents from limiting the Petitioner's potential good conduct time award to 105 days;

d.    declare that 18 USC §3621(b) authorizes the Respondents to transfer the Petitioner to a Community Corrections Center for the service of more that the last 10% of the Petitioner's sentence; and

e.    enjoin the Respondents from limiting the Petitioner's eligibility for transfer to a Community Corrections Center to the last 10% of his sentence.

## VERIFICATION

I, Aaron J. Rambo, hereby affirm on pain and penalty of perjury, that every fact stated herein is true to the best of my personal knowledge.

Date: 2-19-C4

_____
AARON J. RAMBO


AARON J. RAMBO
by his attorneys,

_____
Matthew H. Feinberg
BBO #161380
Matthew A. Kamholtz
BBO #257290
FEINBERG & KAMHOLTZ
125 Summer St.
Boston, MA 02110
(617) 526-0700

Date: 12/20/04

JS 44
(Rev. 12/96)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

### DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Middlesex_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Matthew A. Kamholtz
Feinberg & Kamholtz
125 Summer St. Boston, 02110    617-526-0700

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☑ 530 General | | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC § 2241: Computation of Good Conduct Time & eligibility for release to Community Corrections Center.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☑ NO

### VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE 12/21/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Π: AARON RAMBO
Δ: DAVID WINN

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

✓   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

___  V.    150, 152, 153.                                        04 C 12669 EFH

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?                                                           YES      (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)                            YES      (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                 YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?                                                    YES      (NO)

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).                       (YES)     NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        (EASTERN DIVISION)        CENTRAL DIVISION              WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   MATTHEW A. KAMHOLTZ
ADDRESS   FEINBERG & KAMHOLTZ, 125 SUMMER ST. BOSTON, 02110
TELEPHONE NO.   617 - 526 - 0700

(Cover sheet local.wpd  - 11/27/00)