IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AARON J. RAMBO,                      )
                                     )
                Petitioner,          )          CASE NO.: 04-CV-12669-EFH
                                     )
        v.                           )
                                     )
DAVID WINN, as Warden of FMC         )
Devens, and JOHN ASHCROFT, as        )
Attorney General of the United States, )
                                     )
                Respondents.         )
                                     )


## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

**I.    Introduction:**

Petitioner Aaron Rambo, Register Number 54411-060, is a federal inmate currently

incarcerated at the Federal Medical Center in Devens, Massachusetts (FMC Devens).  See

**Document 1a**, Public Information Data, attached to the Declaration of FMC Devens Paralegal

Trainee Stephanie Scannell.[1][2]  Petitioner has filed this Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 against David L. Winn, Warden, FMC Devens, and John Ashcroft,

Attorney General of the United States (hereafter, the "Respondents").  Petitioner alleges that his

"statutory and due process rights are being violated by the Bureau of Prisons' misinterpretation

of 18 U.S.C. §3624(b), depriving him of eligibility for 54 days of good conduct time (GCT)

---

[1]The Scannell Declaration is attached as **Exhibit 1**.

[2]On February 13, 2004, Petitioner was sentenced in the United States District Court for
the Northern District of Ohio to a 27-month term of incarceration with a three year term of
supervised release to follow for Coercion and Enticement of a Minor via the Internet, in violation
of 18 U.S.C. § 2422(b).  See **Document 1b,** Sentence Monitoring Computation Data, attached to
the Declaration of Stephanie Scannell.

credit for each year of his term of imprisonment to which he is statutorily entitled." <u>See</u> Verified

Complaint and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241.  In addition,

Petitioner contends that his "statutory and due process rights are further being violated by the

Bureau of Prisons' misinterpretation of 18 U.S.C. § 3621(b), denying him eligibility to serve the

last six months of his sentence at a Community Correction Center (CCC)."[3] <u>Id</u>.

As relief, Petitioner requests that the Court "declare that [his] potential good conduct

time award based on the sentence imposed by the Court shall be 121 days . . . ." <u>Id</u>.[4]

Respondents hereby move to dismiss Count I of the Petition, which is the only remaining count

of the Petition (<u>see</u> notes 3 and 4, <u>supra</u>), for the following two reasons:  <u>First</u>, the only proper

respondent in a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the warden of the

correctional facility where the petitioner is incarcerated..  <u>Second</u>, Petitioner's good conduct time

has been calculated in accordance with Bureau of Prisons policy, and this policy has been upheld

by the United States Court Of Appeals for the First Circuit.

## II.    <u>Administrative Remedy History</u>:

On or about July 20, 2004, Petitioner submitted a Request for Administrative Remedy to

the Warden at FMC Devens.  <u>See</u> **Document 1f**, Request for Administrative Remedy 344551-F1,

---

[3]Petitioner's CCC placement date was reconsidered pursuant to <u>Goldings v. Winn</u>, and determined to be February 8, 2005.  <u>See</u> **Document 1c**, Inmate Profile, attached to the Declaration of Stephanie Scannell.  Accordingly, on or about February 10, 2005, Petitioner voluntarily dismissed both the CCC portion of this Petition and his Motion for Temporary Restraining Order.

[4]Petitioner further requested that the Court "declare that 18 U.S.C. 3621(b) authorizes the Respondents to transfer [him] to a Community Corrections Center for the service of more than the last 10% of [his] sentence."  This issue is now moot, however, in light of the agency's reconsideration of Petitioner's CCC placement date under <u>Goldings v. Winn</u> and Petitioner's subsequent voluntary dismiss of the CCC portion of his Petition.

2

and Response, attached to the Declaration of Stephanie Scannell.  In his Request, Petitioner

contends that his "good conduct time has been incorrectly calculated."  Id.  Petitioner asserts that

he "should receive 121.5 days [GCT]."  Id.  Petitioner calculated this number using the formula

"54 days per year/12 months = 4.5 days per month [and] 4.5 days per month x 27 months =

121.5 days GCT."  Id.  In a Response dated July 30, 2004, the Warden denied Petitioner's

request, stating that "[t]he Bureau has interpreted [18 U.S.C.] section 3624(b) to permit the

Bureau to award GCT only for time actually served rather than on the time imposed."  Id.  The

response further stated that "[t]his interpretation has been upheld in two judicial circuits."  Id.

On or about August 10, 2004, Petitioner submitted an Administrative Remedy Appeal to

the Regional Director of the Northeast Regional Office of the Federal Bureau of Prisons.  See

**Document 1g**, Regional Office Administrative Remedy Appeal 344551-R1, and Response,

attached to the Declaration of Stephanie Scannell.  In his appeal, Petitioner asserts that his "good

conduct time has been incorrectly calculated" and that he "should receive 121.5 days" of GCT.

Id.  On September 13, 2004, the Regional Director denied Petitioner's request, explaining that "if

the Bureau computed GCT in the manner [Petitioner] request[ed] as relief, then the Bureau

would violate the statutory mandate that the GCT be awarded at the end of each year of

imprisonment."  Id.  Further, the Response indicated that "[t]he institution correctly determined

[Petitioner's] eligibility for GCT."

On or about September 17, 2004, Petitioner appealed the Regional Director's decision to

the National Appeals Administrator in the Bureau of Prisons' Central Office.  See **Document 1h**,

Central Office Administrative Remedy Appeal 347723-A1, and Response, attached to the

Declaration of Stephanie Scannell.  In the appeal, Petitioner reiterated his "belief that [his] good

conduct time has been incorrectly calculated." Id. Petitioner contends that he "should receive 121.5 days" of good conduct time. Id. On November 19, 2004, the National Appeals Administrator denied Petitioner's request. The response explained that "if the Bureau computed GCT in the manner [Petitioner] request[ed] as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment." Id. The response reiterated that "[t]he institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time." Id.

### III.    Petitioner's Sentence Computation:

The date computation began on Petitioner's current sentence is February 13, 2004, the date of imposition. See **Document 1b**. Petitioner received prior jail credit of two hundred seven (207) days for the time period from July 21, 2003 through February 12, 2004. Id. Under 18 U.S.C. § 3624(b), Petitioner is entitled to 105 days of Good Conduct Time (GCT). See **Document 1d**, Sentence Monitoring Good Time Data, attached to the Declaration of Stephanie Scannell. To date, Petitioner has vested 54 days GCT out of the 105 days for which he is eligible. Id. Assuming Petitioner is granted all remaining GCT available to him under 18 U.S.C. § 3624(b), his projected statutory release date on this docket is July 4, 2005. See **Document 1b**. In the event that all of his Good Conduct Time is disallowed, his full term expiration date is October 17, 2005. Id.

Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA, provides, in pertinent part:

> A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life . . . shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first

year of the term, unless the Bureau of Prisons determines that, during the year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

See **Document 1e**, Program Statement 5880.28, Sentence Computation Manual CCCA, page 1-

40, attached to the Declaration of Stephanie Scannell.  Pursuant to this Program Statement, the

following details the amount of Good Conduct Time awarded to Petitioner during his

incarceration.  See **Document 1d**.

**Computation Year 07/21/03[5] through 07/20/04:**

During this year, Petitioner vested all 54 days of his GCT.  Id.

**Computation Year 07/21/04 through 07/04/05:**

Assuming Petitioner does not receive any sanctions which disallow GCT, he is expected to vest 51 days GCT.  Id.  This number is obtained by a calculation which prorates the portion of the year of time served in accordance with Program Statement 5880.28, Sentence Computation Manual CCCA, and is explained in the next section in further detail.  See **Document 1e**, pp. 1-44 to 1-49.

Therefore, *Petitioner's total GCT:  54 + 51 = 105 days* total GCT.  See **Document 1d.**

**IV.    Calculation of Amount of GCT Awarded to Petitioner Each Year:**

The number of days of GCT awarded to Petitioner each year was calculated according to

Program Statement 5880.28, Sentence Computation Manual CCCA, and is explained in detail

below.  See **Document 1e**.

**Assuming Petitioner vested all possible GCT:**

---

[5]  July 21, 2003, is obtained by using the date sentence computation began (February 13, 2004) minus two hundred seven (207) days to account for jail credit time.

Start:          10/17/05 (full term expiration date), as of 07/21/03 serving a 820 day sentence (2 years, 3 months).

Year One:       Petitioner serves one full year from 07/21/03 to 07/20/04, and is then awarded with 54 days GCT. This changes his release data to the following:

**08/24/05 (new release date), as of 07/20/04 with 400 days left on sentence.**[6]

Year Two (Hypothetical):    If Petitioner served another full year from 07/21/04 to 07/20/05, and was awarded with 54 days GCT, it would change his release date to the following:

**07/01/05 (new release date), as of 07/20/05.**

Because the last hypothetical calculation is impossible, "if the amount of time remaining on the sentence is less than a year, a prorated amount of Good Conduct Time will be entered . . . This also includes shorter sentences up to and including a sentence of 417 days. . .which do not earn the full amount of 54 GCT days, but earn a lesser prorated amount." See **Document 1e**, p. 1-61B(f). Therefore, Petitioner's GCT is prorated after 07/20/04. This calculation is detailed below, in accordance with Program Statement 5880.28, Sentence Computation Manual CCCA. Id. at pp. 1-44 to 1-49.

As of 07/20/04, Petitioner had 400 days left on his sentence.

400 x .148 = 59 days GCT      (54 / 365 = .148)

400 - 59 = 341

---

[6]  October 17, 2005 minus 54 days equals August 24, 2005. Likewise, 820 total days on sentence minus 366 (leap year) days already served, minus 54 days GCT vested, equals 400 days remaining on sentence.

$$341 \times .148 = 50.5 \ \ (50 \text{ days GCT})^{[7]}$$

Id. at pp. 1-45 to 1-47.

Therefore, the number of GCT days awarded for the prorated term will fall somewhere between 50 and 59 days. To find the exact number, the following calculation is done until the answer repeats. The repeating answer is the number of GCT days earned on the prorated term.

$$400 - 50 = 350, \ \ 350 \times .148 = 51.8 \ \ (51 \text{ days GCT})$$

$$400 - 51 = 349, \ \ 349 \times .148 = 51.6 \ \ (51 \text{ days GCT})$$

$$400 - 52 = 348, \ \ 348 \times .148 = 51.5 \ \ (51 \text{ days GCT})$$

Id. at pages 1-45 to 1-48.

Since 51 was the repeating answer, the number of GCT days for the prorated term was calculated to be 51, in accordance with the calculation set forth in Program Statement 5880.28, Sentence Computation Manual CCCA. Therefore, after serving one full year, Petitioner's release date was August 24, 2005 (new release date), as of July 20, 2004, with 400 days left on sentence. Providing there is no loss of GCT due to disciplinary sanctions, Petitioner's release date is correctly calculated to be July 4, 2005 (August 24, 2005 minus 51 days equals July 4, 2005).

## V.     Legal Argument:

### A.     The Only Proper Respondent In A Petition For Writ Of Habeas Corpus Under 28 U.S.C. § 2241 Is The Warden Of The Correctional Facility Where The Petitioner is Incarcerated.

This civil action is being litigated under 28 U.S.C. § 2241, which is the appropriate

---

[7]  Because the BOP awards GCT based on days (not hours or portions of days), all calculations concerning GCT do not take fractions into account, and are rounded down to obtain the nearest full day.

statute for challenging the administration of sentences.  However, Petitioner has improperly

named the Attorney General of the United States as an additional respondent.

It is well settled that the Warden of the institution where the Petitioner is currently being

held is the proper respondent in a habeas action.  See Yi v. Maugans, 24 F.3d 500 (3d cir. 1994);

Blango v. Thornburgh, 942 F.2d 1487 (10th Cir. 1991); United States v. Kennedy, 851 F.2d 689

(3d Cir. 1988); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986); Billiteri v. United States

Bd. Of Parole, 541 F.2d 938 (1976); Diognenes v. Malcolm, 600 F. Supp. 815 (1985).  Cf.

Ashley v. State of Washington, 394 F.2d 125, 126 (9th Cir. 1968).  28 C.F.R. § 2242 provides,

that an application for a writ of habeas corpus shall "name . . . the person who has custody over

[the petitioner] . . ."  28 U.S.C. § 2243 provides that the writ, or order to show cause, "shall be

directed to the person having custody of the person detained."  Thus, the proper respondent in an

inmate's habeas corpus petition is the warden at the place of Petitioner's incarceration.  See

Diogenes, supra, at p. 816.

The only proper respondent is David L. Winn, Warden, FMC Devens.  Therefore, John

Ashcroft, Attorney General of the United States, should be dismissed from this petition, and

Warden Winn should be the sole respondent.

### B.    Petitioner's Good Conduct Time Has Been Calculated In Accordance With Bureau Of Prisons Policy, and This Policy Has Been Upheld By the United States Court Of Appeals For The First Circuit.

Petitioner alleges that his "statutory and due process rights are being violated by the

Bureau of Prisons' misinterpretation of 18 U.S.C. 3624(b), depriving him of eligibility for 54

days of good conduct time (GCT) credit for each year of his term of imprisonment to which he is

statutorily entitled."  This argument lacks merit, as the Bureau is calculating his GCT in

accordance with 18 U.S.C. § 3624(b) and Program Statement 5880.28, <u>Sentence Computation</u>

<u>Manual CCCA</u>, and their calculation has been upheld as reasonable by the United States Court of

Appeals for the First Circuit.  <u>Perez-Olivio v. Chavez</u>, 2005 WL 31913 (1st Cir. Puerto Rico).

     The federal statute governing GCT credits under the Violent Crime Control and Law

Enforcement Act (VCCLEA) for all offenses committed after April 26, 1996, can be found at 18

U.S.C. § 3624(b).  The statute provides that "a prisoner who is serving a term of imprisonment of

more than one year . . . , may receive credit toward the service of the prisoner's sentence, beyond

the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment,

beginning at the end of the first year of the term . . . "

     The statute specifically delegates to the Federal Bureau of Prisons the duty to award

GCT.  18 U.S.C. § 3624(b).  Bureau of Prisons Program Statement 5880.28, <u>Sentence</u>

<u>Computation Manual CCCA</u>, applies the statutory requirement set forth in 18 U.S.C. § 3624(b),

and states that 54 days of GCT may be earned for each full year served, with the GCT award

being prorated for the last partial year.  <u>See</u> **Document 1e**, pp. 1-40, 1-41.  Since GCT is

awarded at the end of a full year served, good conduct time cannot be awarded to an inmate

sentenced to exactly one year imprisonment.  <u>See</u> **Document 1e**, pp. 1-41, 1-45.  Rather, the

shortest sentence for which GCT can be earned is a sentence of one year and a day.  <u>See</u>

**Document 1e**, p. 1-45.  In order for an inmate to be imprisoned for exactly one year under the

statute, they must have an original sentence of one year and 54 days imposed, since 54 days GCT

are earned after the completion of one full year in confinement.  <u>See</u> **Document 1e**, p. 4-5.

     Contrary to Petitioner's assertion, the BOP sentence computation is correct.  Petitioner

has erroneously computed his GCT as being the length of his sentence (in years) multiplied by

54 days. (2.25 year sentence * 54 days = 121.5 days). This method is inconsistent with 18 U.S.C. § 3624(b) and Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, which allow 54 days of GCT per year <u>only</u> for the time actually served. Petitioner's computation of GCT is incorrect because under his formula, inmates would receive GCT credit for time <u>not</u> served as well as for time actually served. Since GCT is awarded on a yearly, ongoing basis, it logically follows that if a prisoner cannot receive their 54 days of GCT until after each year of the term of imprisonment, then a prisoner cannot receive any GCT for time not actually served.

Petitioner was sentenced on February 13, 2004, to a 27 month term of incarceration. <u>See</u> **Document 1b**. Because Petitioner will be receiving GCT credits of up to 54 days for each year served, he will not be serving the full 27 months in federal custody. <u>Id</u>. Indeed, Petitioner's sentence, minus the projected 105 days applicable GCT time, equals roughly 23 months. <u>Id</u>. Thus, assuming he is granted all GCT available to him from this time forward based on his time served, under 18 U.S.C. § 3624(b), his projected satisfaction date on this docket is July 4, 2005. <u>Id</u>.

To date, there are four circuit courts which have addressed the GCT issue, and all have upheld the Bureau of Prisons method of calculation. <u>See</u> <u>Perez-Olivio v. Chavez</u>, 2005 WL 31913 (1st Cir. Puerto Rico); <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004); <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001), <u>cert</u>. <u>denied</u> 535 U.S. 1105 (2002); <u>Brown v. Hemingway</u>, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002); <u>Williams v. LaManna</u>, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001).

The U.S. Court of Appeals for the First Circuit found "the GCT statute to be ambiguous under <u>Chevron v. U.S.A., Inc. v. Natural Res. Def. Council, Inc</u>., 467 U.S. 837 (1984), and the

10

BOP's interpretation reasonable." <u>Perez-Olivio v. Chavez</u>, 2005 WL 31913 at *1, (1st Cir. Puerto Rico). The Court determined that "the phrase 'term of imprisonment' is used inconsistently throughout 18 U.S.C. § 3624." <u>Id</u>. at *3. They also stated that "the legislative history of the GCT statute at issue in this case does not indicate any congressional intent to calculate GCT based on 'time served' or 'sentence imposed.'" <u>Id</u>. Thus, "having determined that § 3624(b)(1) is ambiguous," the Court moved to the second step of the Chevron analysis to determine if the BOP's interpretation was reasonable. <u>Id</u>. at *5. According to the Court, the language in the statute referring to the award of credit at the end of each year "is a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." <u>Id</u>. at *6.

Almost a month before the First Circuit's decision, the U.S. Court of Appeals for the Seventh Circuit examined the GCT issue in <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004). In the opinion, the Court found § 3624(b) to be ambiguous, and "defer[red] to the Bureau's reasonable interpretation of the statute, which awards the credit for each year served in prison rather than each year of the sentence imposed." <u>Id</u>. at *1002, 1003.

In <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001), a federal prisoner challenged the Bureau's policy of awarding a prorated amount of GCT for the last partial year an inmate served toward his sentence. The Ninth Circuit held that the Bureau's regulation basing the computation of GCT on time actually served rather than the sentence imposed fell within the implied statutory authority of the Bureau of Prisons. The court concluded that the Bureau's regulations which based the proration of GCT upon time served (as opposed to sentence imposed) were reasonable, and thus, entitled to deference. <u>Pacheco-Camacho</u>, 272 F.3d at 1270-

11

71.

The U.S. Court of Appeals for the Sixth Circuit, in two unpublished opinions, also endorsed the calculation of GCT by the Bureau of Prisons, and rejected inmate challenges similar to those posed by Petitioner in this instant case.  In Williams, supra, (decided two months before Pacheco, supra), the prisoner attempted to make the exact same argument as Petitioner in arguing that the statute "should be interpreted to allow him good conduct time credits for the entirety of the sentence that was imposed upon him rather than for the actual time of incarceration." Williams, 20 Fed.Appx.360, 360 (6th Cir. 2001).  The Sixth Circuit rejected this claim, finding that under 18 U.S.C. § 3624(b), "[t]he statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate."  2001 WL 1136069 at **1.

In Brown, supra, (decided one year after Pacheco, supra), the Sixth Circuit reached the same result.  The Court rejected an inmate's claim that GCT should be based on the sentence imposed, not time served, relying upon Pacheco, supra, and Williams, supra.  2002 WL 31845147 at **1.  The Court conclusively determined that "[t]he Bureau's interpretation is reasonable in light of the statutory language."  Id.

Petitioner's GCT is being calculated consistent with current Bureau of Prisons policy. Thus, due to the mandatory and persuasive authority upholding the Bureau of Prisons calculation of GCT, Petitioner's argument holds no merit.  Therefore, the GCT portion of this Petition must be dismissed.

**VI.    Conclusion:**

For the reasons discussed above, Count I of Petitioner's Petition for Writ of Habeas

12

Corpus under 28 U.S.C. § 2241 should be dismissed.  As Petitioner has already voluntarily dismissed the only remaining count of the Petition (see notes 3 and 4, supra), this Court, respectfully, should order the case dismissed in its entirety.

Respectfully submitted,


By their attorney,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Gina Walcott-Torres
By:    Gina Walcott-Torres
       Assistant U.S. Attorney
       John Joseph Moakley U.S.   Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3369

Dated: February 24, 2005


## CERTIFICATE OF SERVICE

This is to certify that I have this 24th day of February 2005, served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Matthew H. Feinberg, Esq. and Matthew A. Kamholtz, Esq., FEINBERG & KAMHOLTZ, 125 Summer Street, Boston, MA 02110


/s/ Gina Walcott-Torres
Gina Walcott-Torres
Assistant United States Attorney

13

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AARON RAMBO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-CV-12669 |
| | ) | |
| DAVID L. WINN, Warden, FMC Devens, | ) | |
| and | ) | |
| JOHN ASHCROFT, Attorney General of | ) | |
| the United States, | ) | |
| Respondents. | ) | |

## DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.  I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist Trainee at the Consolidated Legal Center located at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed at this position since approximately March 9, 2003, and have been with the BOP since October 6, 2002.

2.  In order to perform my official duties as Paralegal Specialist Trainee, I have access to numerous records regarding prisoners maintained in the ordinary course of business at FMC Devens. This information includes, but is not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on SENTRY, the Bureau of Prisons computerized data base.

3.  I reviewed the Petition filed by Inmate Aaron Rambo, Register Number 54411-060, in which he challenges the Bureau of Prisons' calculation of the number of good conduct time (GCT) days for which he is eligible. In addition, he also challenges that his Community Corrections Center (CCC) placement date should not be limited to the last ten percent of his sentence, but rather asserts that he should be allowed to serve the last six months of his sentence in a CCC.

4.    On February 13, 2004, Petitioner was sentenced in the Northern District of Ohio to a twenty-seven (27) month sentence with a three (3) year term of supervised release for Coercion and Enticement of a Minor via the Internet, in violation of 18 U.S.C. § 2422(b). Petitioner's sentence computation began on February 13, 2004 (the date of sentencing), with two hundred seven (207) days jail credit for the time period spent in custody from July 21, 2003, through February 12, 2004. According to the Bureau of Prisons' calculation, Petitioner is eligible for one hundred five (105) days GCT. Thus, his projected release date is July 4, 2005, assuming there is no loss of GCT due to disciplinary sanctions. Petitioner's pre-release preparation date (10% date) is April 25, 2005. His six month date would be January 4, 2005.

5.    Petitioner had previously been considered for CCC placement under the December 2002 Bureau of Prisons policy, which had limited CCC placements to the last 10% of a sentence. Based on that review, Petitioner received a CCC placement date of April 26, 2005 to a CCC in Indianapolis, Indiana. However, subsequent to the <u>Goldings v. Winn</u> decision in the First Circuit of Appeals in September 2004, eligible inmates at FMC Devens were reconsidered for CCC placement under the prior policy, which did not limit CCC placement to the last 10% of a sentence. Therefore, on or about November 1, 2004, Petitioner was reconsidered for placement to a CCC based on a new Unit Team recommendation for a 4 to 5 month placement. In accordance with this referral, Petitioner was given a new CCC placement date of February 8, 2005. See **Document c**, Inmate Profile for Inmate Aaron Rambo, Register Number 54411-060.

6.    According to the Bureau of Prisons' GCT calculation, Petitioner is eligible for one hundred five (105) days GCT and his projected release date is July 4, 2005. Petitioner asserts that with his calculation, he is eligible for one hundred twenty one (121) days GCT based on his imposed sentence. In this case, his projected release date would be calculated as June 18, 2005, rather than July 4, 2005.

7.    Attached hereto, please find true and correct copies of the following documents:

    a.    Public Information Data for Inmate Aaron Rambo, Register Number 54411-060, dated January 28, 2005;
    b.    Sentence Monitoring Computation Data for Inmate Aaron Rambo, Reg. No. 54411-060, dated January 28, 2005;
    c.    Inmate Profile for Inmate Aaron Rambo, Register Number 54411-060, dated January 28, 2005;
    d.    Sentence Monitoring Good Time Data for Inmate Aaron Rambo, Register Number 54411-060, dated January 28, 2005;
    e.    Program Statement 5880.28, Sentence Computation Manual CCCA (attached in relevant part);
    f.    Request for Administrative Remedy 344551-F1, and Response;
    g.    Regional Office Administrative Remedy Appeal 344551-R1, and Response;
    h.    Central Office Administrative Remedy Appeal 344551-A1, and Response.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this ___7th___ day of February, 2005

Stephanie J. Scannell
Paralegal Specialist Trainee
FMC Devens

# EXHIBIT 1A

Case 1:04-cv-12669-EFH   Document 12-2   Filed 02/24/2005   Page 6 of 45

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010     ALL CURR COMPS(Y/N): Y  ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS     RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 978-796-1000   FAX: 978-796-1118
                                         RACE/SEX...: WHITE / MALE
FBI NUMBER.: 272607CC0                   DOB/AGE....: 01-07-1978 / 27
PROJ REL MT: GOOD CONDUCT TIME RELEASE   PAR ELIG DT: N/A
PROJ REL DT: 07-04-2005                  PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
DEV   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-21-2004 1412 CURRENT
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-21-2004 1412 04-21-2004 1412
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-21-2004 0645 04-21-2004 1412
ATL   HLD REMOVE HOLDOVER REMOVED              04-21-2004 0645 04-21-2004 0645
ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  04-20-2004 2007 04-21-2004 0645
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-20-2004 2007 04-20-2004 2007
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-20-2004 1000 04-20-2004 2007
OKL   HLD REMOVE HOLDOVER REMOVED              04-20-2004 0900 04-20-2004 0900

G0002        MORE PAGES TO FOLLOW . . .

Case 1:04-cv-12669-EFH    Document 17-2    Filed 02/24/2005    Page 7 of 45

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   03-17-2004 1945 04-20-2004 0900
2-A    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-17-2004 2045 03-17-2004 2045
2-A    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-05-2004 1126 03-17-2004 2045
CPG    ADMIN REL   ADMINISTRATIVE RELEASE         03-05-2004 1126 03-05-2004 1126
CPG    A-ADMIN     ADMINISTRATIVE ADMISSION       03-05-2004 1113 03-05-2004 1126
0-U    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-05-2004 1113 03-05-2004 1113
0-U    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-01-2004 1200 03-05-2004 1113
CCN    ADMIN REL   ADMINISTRATIVE RELEASE         03-01-2004 1200 03-01-2004 1200
CCN    A-ADMIN     ADMINISTRATIVE ADMISSION       03-01-2004 1159 03-01-2004 1200

G0002        MORE PAGES TO FOLLOW . . .

DEVAA    Case 1:04-cv-12669-EFH    Document 14-2   Filed 02/24/2005    Page 8 of 45   01-28-2005
PAGE 003        *             INMATE DATA            *     09:09:47
                         AS OF 01-28-2005

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010       ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 978-796-1000     FAX: 978-796-1118
PRE-RELEASE PREPARATION DATE: 04-25-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 07-04-2005 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: OHIO, NORTHERN DISTRICT
DOCKET NUMBER...................: 5:03CR342-001
JUDGE...........................: GAUGHAN
DATE SENTENCED/PROBATION IMPOSED: 02-13-2004
DATE COMMITTED..................: 04-21-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002       MORE PAGES TO FOLLOW . . .

Case 1:04-cv-12669-EFH    Document 12-2    Filed 02/24/2005    Page 9 of 46

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118


                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00          $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....:  899
OFF/CHG: T18:2422(B) COERCION AND ENTICEMENT OF A MINOR VIA THE
         INTERNET

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   27 MONTHS


G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
 TERM OF SUPERVISION.............:    3 YEARS
 DATE OF OFFENSE.................: 07-20-2003

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-16-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 02-13-2004
TOTAL TERM IN EFFECT............:   27 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS     3 MONTHS
EARLIEST DATE OF OFFENSE........: 07-20-2003

G0002       MORE PAGES TO FOLLOW . . .

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    07-21-2003    02-12-2004

TOTAL PRIOR CREDIT TIME.........: 207
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 105
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 07-04-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-17-2005


PROJECTED SATISFACTION DATE.....: 07-04-2005

G0002      MORE PAGES TO FOLLOW . . .

Case 1:04-cv-12669-EFH   Document 11-2   Filed 02/24/2005   Page 12 of 45

```
REGNO..: 54411-060 NAME: RAMBO, AARON JAMES
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# EXHIBIT 1B

```
   DEVBS  540*23 *              SENTENCE MONITORING           *    01-28-2005
PAGE 001              *          COMPUTATION DATA             *    09:19:25
                                AS OF 01-28-2005

REGNO..: 54411-060 NAME: RAMBO, AARON JAMES


FBI NO...........: 272607CC0          DATE OF BIRTH: 01-07-1978
ARS1.............: DEV/A-DES
UNIT.............: J SOMP              QUARTERS.....: J02-224U
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-25-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-04-2005 VIA GCT REL

--------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

COURT OF JURISDICTION...........: OHIO, NORTHERN DISTRICT
DOCKET NUMBER...................: 5:03CR342-001
JUDGE...........................: GAUGHAN
DATE SENTENCED/PROBATION IMPOSED: 02-13-2004
DATE COMMITTED..................: 04-21-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

--------------------CURRENT OBLIGATION NO: 010 --------------------
OFFENSE CODE....: 899
OFF/CHG: T18:2422(B) COERCION AND ENTICEMENT OF A MINOR VIA THE
         INTERNET

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   27 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 07-20-2003




 G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVBS  540*23 *              SENTENCE MONITORING              *      01-28-2005
 PAGE 002 OF 002 *             COMPUTATION DATA                  *      09:19:25
                              AS OF 01-28-2005

 REGNO..: 54411-060 NAME: RAMBO, AARON JAMES


 ------------------------CURRENT COMPUTATION NO: 010 -------------------------

 COMPUTATION 010 WAS LAST UPDATED ON 08-16-2004 AT DEV AUTOMATICALLY

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 CURRENT COMPUTATION 010: 010 010

 DATE COMPUTATION BEGAN..........: 02-13-2004
 TOTAL TERM IN EFFECT............:   27 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS    3 MONTHS
 EARLIEST DATE OF OFFENSE........: 07-20-2003

 JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    07-21-2003    02-12-2004

 TOTAL PRIOR CREDIT TIME.........: 207
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 105
 TOTAL GCT EARNED................: 54
 STATUTORY RELEASE DATE PROJECTED: 07-04-2005
 SIX MONTH /10% DATE.............: N/A
 EXPIRATION FULL TERM DATE.......: 10-17-2005


 PROJECTED SATISFACTION DATE.....: 07-04-2005
 PROJECTED SATISFACTION METHOD...: GCT REL
```

```
 S0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# EXHIBIT 1C

```
              54411-060              REG
REGNO: 54411-060                     FUNCTION: DIS DOB/AGE.: 01-07-1978 / 27
NAME.: RAMBO, AARON JAMES                          R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                              MILEAGE.: 820 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
 PROJ REL METHOD: GOOD CONDUCT TIME RELEASE        FBI NO..: 272607CC0
 PROJ REL DATE..: 07-04-2005                       INS NO..: N/A
 PAR ELIG DATE..: N/A                              SSN.....: 303980271
 PAR HEAR DATE..:                    PSYCH: NO     DETAINER: NO          CMC..: NO
  FACL CATEGORY    - - - - - CURRENT ASSIGNMENT - - - - - - EFF DATE  TIME
  DEV  ADM-REL   A-DES      DESIGNATED, AT ASSIGNED FACIL  04-21-2004 1412
  DEV  CASEWORKER CSW J1    R. HUFNAGLE, EXT. 1343         05-17-2004 0936
  DEV  QUARTERS  J02-224U   HOUSE J/RANGE 02/BED 224U      05-26-2004 2005
  DEV  UNIT      J SOMP     N. PATTERSON, U/M EXT. 1341    10-13-2004 1344
  DEV  WRK DETAIL FS 3      FOOD SERVICE 7:30AM-4PM        06-03-2004 0001
OFFN/CHG RMKS: T18:2422(B)-COERCION AND ENTICEMENT OF A MINOR VIA INTERNET,
OFFN/CHG RMKS: 27 MOS BOP/3 YRS SRT;DKT #: 5:03CR342-001
```

G0002        MORE PAGES TO FOLLOW . . .

```
                 54411-060                REG
REGNO: 54411-060                    FUNCTION: DIS  DOB/AGE.: 01-07-1978 / 27
NAME.: RAMBO, AARON JAMES                          R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                              MILEAGE.: 820 MILES
PHONE: 978-796-1000            FAX: 978-796-1118
   FACL CATEGORY    - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE   TIME
   DEV  ADM-REL    A-DES       DESIGNATED, AT ASSIGNED FACIL  04-21-2004  1412
   DEV  CARE LEVEL CARE1       HEALTHY OR SIMPLE CHRONIC CARE 12-29-2004  1330
   DEV  COR COUNSL CCC J1      JASON NELSON, EXT.1345         05-17-2004  0936
   DEV  CASE MGT   PROG RPT    NEXT PROGRESS REPORT DUE DATE  08-17-2007  1419
   DEV  CASE MGT   RPP PART    RELEASE PREP PGM PARTICIPATES  05-22-2004  0839
   DEV  CASE MGT   RPP UNT C   RELEASE PREP UNIT PGM COMPLETE 05-22-2004  0849
   DEV  CASE MGT   V94 CVA913  V94 CURR VIOL ON/AFTER 91394   05-22-2004  0839
   DEV  CASEWORKER CSW J1      R. HUFNAGLE, EXT. 1343         05-17-2004  0936
   DEV  CUSTODY    IN          IN CUSTODY                     03-08-2004  1428
   DEV  DRUG PGMS  DRG I NONE  NO DRUG INTERVIEW REQUIRED     05-22-2004  0838
   DEV  DESTNATION CST 5LK     VOL OF AMERICA INDIANAPOLIS IN 02-08-2005  1501
   DEV  EDUCATION  PERS FINAN  (PF) MANAGING PERSONAL FINANCE 07-14-2004  1430
   DEV  EDUC INFO  ESL HAS     ENGLISH PROFICIENT             05-22-2004  0757
   DEV  EDUC INFO  GED HAS     COMPLETED GED OR HS DIPLOMA    05-22-2004  0755

G0002        MORE PAGES TO FOLLOW . . .
```

```
            54411-060                REG
REGNO: 54411-060                     FUNCTION: DIS DOB/AGE.: 01-07-1978 / 27
NAME.: RAMBO, AARON JAMES                         R/S/ETH.: W/M/O
RSP..: DEV-DEVENS FMC                             MILEAGE.: 820 MILES
PHONE: 978-796-1000        FAX: 978-796-1118
   FACL CATEGORY    - - - - -  CURRENT ASSIGNMENT - - - - - -  EFF DATE    TIME
   DEV  FIN RESP    COMPLT      FINANC RESP-COMPLETED           05-10-2004 1400
   DEV  LEVEL       LOW         SECURITY CLASSIFICATION LOW     03-05-2004 1125
   DEV  MED DY ST   REG DUTY    NO MEDICAL RESTR--REGULAR DUTY  04-28-2004 0904
   DEV  MED DY ST   YES F/S     CLEARED FOR FOOD SERVICE        04-28-2004 0904
   DEV  PGM REVIEW  APR         APRIL PROGRAM REVIEW            04-13-2005 1043
   DEV  PSYCH TRMT  SOM ADMIT   SOMP ADMISSION                  06-25-2004 0903
   DEV  QUARTERS    J02-224U    HOUSE J/RANGE 02/BED 224U       05-26-2004 2005
   DEV  RELIGION    CATHOLIC    CATHOLIC                        05-09-2004 1237
   DEV  UNIT        J SOMP      N. PATTERSON, U/M EXT. 1341     10-13-2004 1344
   DEV  WAITNG LST  COMP I A&O  COMPLETED INSTITUTION A&O       04-27-2004 1530
   DEV  WAITNG LST  MAIL        NEWSPAPERS                      05-25-2004 0821
   DEV  WAITNG LST  SISHOTFILE  SIS HOT FILE                    07-27-2004 1103
   DEV  WRK DETAIL  FS 3        FOOD SERVICE 7:30AM-4PM         06-03-2004 0001


G0005         TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# EXHIBIT 1D

```
  DEVBS   542*22 *            SENTENCE MONITORING              *      01-28-2005
PAGE 001 OF 001 *              GOOD TIME DATA                  *      09:20:38
                             AS OF  01-28-2005

REGNO...: 54411-060   NAME: RAMBO, AARON JAMES
ARS 1...: DEV A-DES                                   PLRA
COMPUTATION NUMBER..: 010                    FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 08-16-2004             FACL..: DEV    CALC: AUTOMATIC
UNIT.................: J SOMP                 QUARTERS............: J02-224U
DATE COMP BEGINS....: 02-13-2004             COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 207                    TOTAL INOP TIME.....: 0
CURRENT REL DT......: 08-24-2005 WED         EXPIRES FULL TERM DT: 10-17-2005
PROJ SATISFACT DT...: 07-04-2005 MON         PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
DAYS REMAINING......:                        FINAL PUBLC LAW DAYS:

------------------------GOOD CONDUCT TIME AMOUNTS--------------------------

   START       STOP      MAX POSSIBLE TO     ACTUAL TOTALS   VESTED     VESTED
   DATE        DATE      DIS    FFT      DIS    FFT          AMOUNT     DATE
 07-21-2003  07-20-2004   54     54
 07-21-2004  07-04-2005   51

       TOTAL EARNED AMOUNT............................................:      54
       TOTAL EARNED AND PROJECTED AMOUNT.............................:     105
```

# EXHIBIT 1E



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation
Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta** **v.** **U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

P.S. 5880.28
February 21, 1992
Page 1 - 40

**g.  Good Conduct Time.**  Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner.  If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  The Bureau's determination shall be made within fifteen days after the end of each year of the sentence.  Such credit toward service of sentence vests at the time it is received.  Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted.  Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

For computation purposes, it is necessary to remember the following about subsection 3624(b):

(1)  54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

prorated for the last partial year. No GCT can be earned on, or
awarded to, a sentence of one year or less.

(2)   The BOP has 15 days after the end of
each full year served to make a determination as to the amount of
the 54 days that shall be awarded. If the BOP makes no decision
about the amount of GCT to award in the 15 days at the end of the
year just served, then the entire 54 days will be automatically
credited to the sentence on the Vested Date. Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period. If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
as a copy of the GCT record (both signed and dated by the ISM
staff member making the change and the auditor), shall be placed
in the Judgment and Commitment File.                              *

If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
(Good Conduct Time Action Notice) has been received by the Vested
Date that matches the disciplinary log record, then the
disciplinary log shall be used as the official record for
disallowing GCT on the Vested Date. A copy of the disciplinary
log shall be placed in the Judgment and Commitment File pending
receipt of a BP-448 that matches the information on the
disciplinary log. After receipt of the BP-448 the disciplinary
log copy shall be destroyed. Again, an updated copy of the

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 42

SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.

. . Once GCT has been credited, it vests and may not later be disallowed.  If good cause exists (e.g., riot, food strike, work stoppage, etc.) or the prisoner commits an act of misconduct (See Program Statement on Inmate Discipline and Special Housing Units) that occurred during the prior year but does not become known until after the 15 day time limit has expired, however, then the GCT may be disallowed even though the time limit has been exceeded.  In addition, if an act of misconduct is referred to the Discipline Hearing Officer (DHO) and the DHO is unable to dispose of the referral in the manner prescribed by the Program Statement on Inmate Discipline and Special Housing Units within the 15 days allowed, then the official award or disallowance of the GCT may be delayed for the period of time necessary to comply with that Program Statement.

In any case not covered in the preceding paragraph in which GCT is not disallowed within the proper time limit, the RISA should be contacted for instructions.

(3)  GCT that is disallowed and that is not awarded from the maximum possible to award during the 15 day time limit, may not be awarded at a later time.  If a disallowance of GCT is successfully appealed, or if the BOP has for some reason erroneously disallowed GCT, then the GCT may be credited at that time.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 43

(4)   The BOP has six weeks before the end of the sentence to make a determination about how much of the prorated GCT to award for the last portion of a year of the term of imprisonment.  If the BOP makes no decision about the amount of GCT to award in the last six weeks of the sentence, then the entire amount possible to award for that period of time will be automatically credited to the sentence on the last day of the sentence (date of release and Vested Date).  Therefore, before awarding any GCT on the Vested Date, staff shall review the SENTRY disciplinary log to determine if any GCT had been disallowed during the preceding anniversary period.  If no GCT was disallowed during the preceding anniversary period, then the GCT SENTRY data base shall be updated with the total amount of GCT possible to earn and a copy of the disciplinary log, as well as a copy of the GCT record (signed and dated by the ISM staff member making the change and the auditor), shall be placed in the Judgment and Commitment File.

If some or all of the GCT had been disallowed during the preceding anniversary period and no BP-448 has been received by the Vested Date that matches the disciplinary log record, then the disciplinary log shall be used as the official record for disallowing GCT on the Vested Date.  A copy of the disciplinary log shall be placed in the Judgment and Commitment File pending receipt of a BP-448 that matches the information on the disciplinary log.  After receipt of the BP-448 the disciplinary log copy shall be destroyed.  Again, an updated

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44

copy of the SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.                                          *

             (5)  An action to delay, disallow or suspend the award of some or all of the GCT for a decision at a later time that is not within the 15 day, or six week, consideration time periods is not authorized.

     For release purposes, subsection 3624(b) is the most important provision in the computation process since the proper application of that subsection determines the actual statutory date of release for the prisoner.  The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence.  The total amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.

     As noted in (1) above, 54 days of GCT may be awarded for each full year served on a sentence in excess of one year.  Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated.  The BOP has developed a formula (hereinafter called the "GCT formula") that

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44A

best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT (continued on next page)

P.S. 5880.28
February 21, 1992
Page 1 - 45

that may be awarded for one day served on a sentence.  365 days divided into 54 days equals .148.  Since .148 is less than one full day, no GCT can be awarded for one day served on the sentence.  Two days of service on a sentence equals .296 (2 x .148) or zero days GCT; three days equals .444 (3 x .148) or zero days GCT; four days equals .592 (4 x .148) or zero days GCT; five days equals .74 (5 x .148) or zero days GCT; six days equals .888 (6 x .148) or zero days GCT; and seven days equals 1.036 (7 x .148) or 1 day GCT.  The fraction is always dropped.

Since, in accordance with the statute (18 USC § 3624(b)), no GCT can be awarded to a sentence of one year or less, then the very shortest sentence that can be awarded GCT is a sentence of 1 year and 1 day.  Because a prisoner would accrue GCT while serving a sentence of 1 year and 1 day and, therefore, serve something less than the full sentence, it would be impossible to accrue the full 54 days of GCT for a sentence of 1 year and 1 day.  As a result, the GCT formula previously discussed must be utilized as shown below to determine the amount of GCT to award for a partial year.  This method of calculating the GCT possible to award for the last portion of a year of a sentence to be served must be followed in all partial year calculations.  (For the purpose of this demonstration, the sentence of 1 year and 1 day equals 366 days.)

Step No. 1

Sentence  = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46 days.

P.S. 5880.28
February 21, 1992
Page 1 - 46

Step No. 2

Days Served  = 312 x .148 = 46.176 = 46 days GCT


Subtracting 46 days from the sentence of 366 days results in 320
days to be served.


Step No. 3

Sentence  = 366 - 46  = 320 days

46 days of GCT is not enough because 46 plus 312 days to be
served equals a sentence of 358 days, 8 days short of a sentence
of 366 days (1 year and 1 day).


Step No. 4

Time Served  = 312 + 46  = 358 days

Comparing 320 days to serve, which is too much time to serve,
with 312 days to serve, which is not enough time to serve,
reveals that the amount of GCT that can be earned must fall
somewhere between 54 and 46 days.  As a result, the next step is
to determine how much GCT can be earned on 320 days served.


Step No. 5

Time Served  =  320 x .148  = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1
day)
results in 319 days to be served.


Step No. 6

Sentence  =  366 - 47  = 319 days

Utilizing the GCT formula, it is learned that 319 days served
equals
47 days GCT.


Step No. 7

Time Served  = 319 x .148  = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence
of 366 days (1 year and 1 day).

P.S. 5880.28
February 21, 1992
Page 1 - 47

Step No. 8

Time Served  = 319 + 47  = 366 days

The amount of GCT that can be awarded for a sentence of 366 days (1 year and 1 day) is 47 days.

    The steps that were followed in the preceding example must be followed in every instance when it is necessary to determine the amount of GCT that can be awarded for a partial year served on a sentence.  A short version of the preceding eight steps is shown below.

        366 x .148 = 54.168  (366 + 54 = 420)
        366 - 54= 312 x .148 = 46.176 (312 + 46 = 358)
        366 - 46= 320 x .148 = 47.36  (320 + 47 = 367)
        366 - 47= 319 x .148 = 47.212 (319 + 47 = 366)

Thus--319 days actually served plus 47 days of GCT equals 366 days, or a sentence of 1 year and 1 day.

    There is one exception to the "fraction is always dropped" rule.  For instance, if the partial year remaining on a sentence equals 7 days and if the full 7 days were served, then 1 day of GCT credit (7 x .148 = 1.036 = 1 day) could be awarded.  If the 1 day is awarded, however, then only 6 days would actually be served on the final 7 days and for 6 days served no GCT (6 x .148 = .888 = 0 days) would be authorized.  This arithmetical conflict occurs each time that the actual time to serve plus the GCT equals 1 day less than that final portion of the year remaining on the sentence.  For example, applying the GCT formula to a final portion of a year of 294 days results in the following calculation.

P.S. 5880.28
February 21, 1992
Page 1 - 48

```
294 x .148 = 43.512   (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148 (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036 (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888 (256 + 37 = 293)
```

As you can see from above, the GCT formula does not produce a result that will allow the number of days actually served plus the GCT to equal 294 days.  Since it is to the advantage of the prisoner to award an additional full day for 37.888 days (38 days instead of 37 days) of GCT in such a situation, the BOP will award that additional 1 full day even though the time served results in a fraction (.888 in this case) short of a full day. (See Good Conduct Time Chart)

It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days   actually served.  In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence - (GCT + days served) = release date).  The following example demonstrates the computation process for determining a final release date on a sentence with 355 days remaining and that has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54  (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844 (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028 (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172 (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88  (310 + 45 = 355)


Release Date        = 10-10-91 =  19276
GCT                            = -00045
Final Release Date = 08-26-91 =  19231
```

P.S. 5880.28
February 21, 1992
Page 1 - 49

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, <u>more</u> than 54 days of GCT can be awarded.  As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

| | | |
|---|---|---|
| Date Sentence Began | 90-06-23 | |
| Sentence Length | = +<u>01-01-00</u> | |
| Full Term Date | 91-07-22* = | 19196 |
| Date Sentence Began | 90-06-22* = | -<u>18801</u> |
| Days Remaining | | 395 |

$$395 \times .148 = \underline{58}.46 \quad (395 + 58 = 453)$$
$$395 - 58 = 337 \times .148 = \underline{49}.876 \quad (337 + 49 = 386)$$
$$395 - 49 = 346 \times .148 = \underline{51}.208 \quad (346 + 51 = 397)$$
$$395 - 51 = 344 \times .148 = \underline{50}.912 \quad (344 + 50 = 394)$$
$$395 - 50 = 345 \times .148 = \underline{51}.06 \quad (345 + 51 = \underline{396})$$

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 39<u>4</u> and 345 + 51 = 39<u>6</u>) to equal the days remaining on the sentence (395).  As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 61B

enter the number of days of Good Conduct Time into SENTRY on the Vested Date, or the last normal work day prior to the Vested Date.

   e. If a Good Conduct Time Action Notice (BP-448) has not been received by the Vested Date, then the Disciplinary Log shall be used as the official record for disallowing GCT on the Vested Date. A copy of the disciplinary log shall be placed in the J&C File pending receipt of a BP-448 that matches the information on the disciplinary log. After receipt of the BP-448, the disciplinary log copy shall be destroyed.

   f. For partial year awards, ISM staff will enter the final GCT award into SENTRY on the inmate's release date prior to the final satisfaction of the sentence. The final GCT award should be made on the inmate's release date, or the work day preceding the release date since awards of GCT are vested and may not later be disallowed. If the time remaining on the sentence is less than a year, a prorated amount of Good Conduct Time will be entered into SENTRY. This also includes shorter sentences up to and including a sentence of 417 days (usually equaling 1 year, 1 month and 1 day), which do not earn the full amount of 54 GCT days, but earn a lesser prorated amount. Inmates serving SRA sentences are not eligible for lump sum awards of GCT.

   g. Community Corrections staff will perform the above procedures for prisoners in community correction centers. The Disciplinary Log need not be produced for prisoners who are boarded out to state facilities or who are serving their sentences concurrently in a state facility.

P.S. 5880.28
February 21, 1992
Page 4 - 5

GOOD CONDUCT TIME CHART

| Days Remaining On Final Portion Of Sentence | Maximum GCT Available | Days Actually Served | Days Remaining On Final Portion Of Sentence | Maximum GCT Available | Days Actually Served |
|---|---|---|---|---|---|
| 337 Days | 43 GCT | 294 Days | 379 Days | 48 GCT | 331 Days |
| 338 Days | 43 GCT | 295 Days | 380 Days | 49 GCT | 331 Days |
| 339 Days | 43 GCT | 296 Days | 381 Days | 49 GCT | 332 Days |
| 340 Days | 43 GCT | 297 Days | 382 Days | 49 GCT | 333 Days |
| 341 Days | 44 GCT | 297 Days | 283 Days | 49 GCT | 334 Days |
| 342 Days | 44 GCT | 298 Days | 384 Days | 49 GCT | 335 Days |
| 343 Days | 44 GCT | 299 Days | 385 Days | 49 GCT | 336 Days |
| 344 Days | 44 GCT | 300 Days | 386 Days | 49 GCT | 337 Days |
| 345 Days | 44 GCT | 301 Days | 387 Days | 50 GCT | 337 Days |
| 346 Days | 44 GCT | 302 Days | 388 Days | 50 GCT | 338 Days |
| 347 Days | 44 GCT | 303 Days | 389 Days | 50 GCT | 339 Days |
| 348 Days | 44 GCT | 304 Days | 390 Days | 50 GCT | 340 Days |
| 349 Days | 45 GCT | 304 Days | 391 Days | 50 GCT | 341 Days |
| 350 Days | 45 GCT | 305 Days | 392 Days | 50 GCT | 342 Days |
| 351 Days | 45 GCT | 306 Days | 393 Days | 50 GCT | 343 Days |
| 352 Days | 45 GCT | 307 Days | 394 Days | 50 GCT | 344 Days |
| 353 Days | 45 GCT | 308 Days | 395 Days | 51 GCT | 344 Days |
| 354 Days | 45 GCT | 309 Days | 396 Days | 51 GCT | 345 Days |
| 355 Days | 45 GCT | 310 Days | 397 Days | 51 GCT | 346 Days |
| 356 Days | 46 GCT | 310 Days | 398 Days | 51 GCT | 347 Days |
| 357 Days | 46 GCT | 311 Days | 399 Days | 51 GCT | 348 Days |
| 358 Days | 46 GCT | 312 Days | 400 Days | 51 GCT | 349 Days |
| 359 Days | 46 GCT | 313 Days | 401 Days | .51 GCT | 350 Days |
| 360 Days | 46 GCT | 314 Days | 402 Days | 51 GCT | 351 Days |
| 361 Days | 46 GCT | 315 Days | 403 Days | 52 GCT | 351 Days |
| 362 Days | 46 GCT | 316 Days | 404 Days | 52 GCT | 352 Days |
| 363 Days | 46 GCT | 317 Days | 405 Days | 52 GCT | 353 Days |
| 364 Days | 47 GCT | 317 Days | 406 Days | 52 GCT | 354 Days |
| 365 Days | 47 GCT | 318 Days | 407 Days | 52 GCT | 355 Days |
| 366 Days | 47 GCT | 319 Days | 408 Days | 52 GCT | 356 Days |
| 367 Days | 47 GCT | 320 Days | 409 Days | 52 GCT | 357 Days |
| 368 Days | 47 GCT | 321 Days | 410 Days | 52 GCT | 358 Days |
| 369 Days | 47 GCT | 322 Days | 411 Days | 53 GCT | 358 Days |
| 370 Days | 47 GCT | 323 Days | 412 Days | 53 GCT | 359 Days |
| 371 Days | 47 GCT | 324 Days | 413 Days | 53 GCT | 360 Days |
| 372 Days | 48 GCT | 324 Days | 414 Days | 53 GCT | 361 Days |
| 373 Days | 48 GCT | 325 Days | 415 Days | 53 GCT | 362 Days |
| 374 Days | 48 GCT | 326 Days | 416 Days | 53 GCT | 363 Days |
| 375 Days | 48 GCT | 327 Days | 417 Days | 53 GCT | 364 Days |
| 376 Days | 48 GCT | 328 Days | 418 Days | 54 GCT | 364 Days |
| 377 Days | 48 GCT | 329 Days | 419 Days | 54 GCT | 365 Days |
| 378 Days | 48 GCT | 330 Days | 420 Days | 54 GCT | 366 Days |

# EXHIBIT 1F

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*7 . 13 . 04  SDG*

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Kambo, Aaron J. | 54411-060 | J-L | FMC-Devens |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

It is my belief that my good conduct time has been incorrectly calculated. I will be only awarded 105 days of GCT, when in fact I should receive 121.5 days by the following formula:

54 days per year / 12 months = 4.5 days per month

4.5 days per month x 27 months = 121.5 days GCT

Please correct this error.

7/14/2004
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**



DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 344551-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #344551-F1**

This is in response to your Request for Administrative Remedy wherein you complain your federal sentence is incorrectly computed to the extent that you are being awarded 105 days Good Conduct Time (GCT) when you believe you should be awarded 121.5 days of Good Conduct Time (GCT).

Title 18 U.S.C. 3624 (b) states in pertinent part: ...a prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term....credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The Bureau has implemented the language of 3624(b) by promulgation of policy 28 CFR 523.20 and P.S. 5880.28, Sentence Computation Manual (CCCA of 1984). The Bureau has interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed. This interpretation has been upheld in two judicial circuits.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____
David L. Winn, Warden

_7/20/4_____
Date

# EXHIBIT 1G

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Rambo, Aaron J. | 54411-060 | J-B | FMC-Devens |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

It is my belief that my good conduct time has been incorrectly calculated.  I will only be awarded 105 days of GCT, when in fact I should receive 121.5 days by the following formula:

54 days per year / 12 months = 4.5 days per month

4.5 days per month X 27 months = 121.5 days GCT

Please correct this error.

| 8-10-04 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _344 551-R1_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)
APRIL 1982

RAMBO, Aaron
Reg. No. 54411-060
Appeal No. 344551-R1
Page One

## PART B – RESPONSE

In your appeal, you state your good conduct time (GCT) is being calculated incorrectly. You believe 18 U.S.C. § 3624(b) allows you to earn 54 days of GCT per year of your sentence as imposed. As relief, you request recalculation of your GCT.

An review of your appeal has revealed that you are serving a sentence of 27 months imposed on February 13, 2004, for offenses you committed on July 20, 2003. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following: "...[A] prisoner who is serving a term of imprisonment of more than one year other than [life], may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... credit for the last year or portion of a year of the term of imprisonment shall be prorated...." The interpretation of § 3624(b) by the Bureau in Program Statement 5880.28, Sentence Computation Manual CCCA, Pages 1-40 and 1-41 mirrors the statute: and states: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The statute requires credit after the actual service of a year. The Bureau reasonably interpreted this part of the statute to require properly awarded 54 days GCT be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then the Bureau would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment. The institution correctly determined your eligibility for GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 13, 2004

D. SCOTT DODRILL
Regional Director

# EXHIBIT 1H

**U.S. Department of Justice**                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

| From: Rambo, Aaron J. | 54411-060 | J-B | FMC-Devens |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

It is my belief that my good conduct time has been incorrectly calculated. I will only be awarded 105 days of GCT, when in fact I should receive 121.5 days by the following formula:

54 days per month / 12 months = 4.5 days per month

4.5 days per month X 27 months = 121.5 days GCT

Please correct this error.

---

9-17-04
DATE                                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                                                        GENERAL COUNSEL

**THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**    CASE NUMBER: _____

**Part C—RECEIPT**
                                                            CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT          INSTITUTION

SUBJECT: _____

---

DATE                                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                                BP-231(13)
                                                                       APRIL 1982

Administrative Remedy No. 344551-A1
Part B - Response

You contend the Bureau of Prisons has incorrectly calculated the amount of Good Conduct Time you may earn during your term of imprisonment.

You are serving a sentence of 27 months imposed on February 13, 2004, for an offense committed on July 20, 2003.  The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following.  "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with . . . institutional regulations . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated . . ."  The interpretation of § 3624(b) by the Bureau is contained in 28 CFR § 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served.  This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."  The method of calculation is set forth in Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year."  BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year.  As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year.  Good conduct time is awarded proportionally based on actual time served in the last partial year.  The Bureau has reasonably interpreted this statute to require properly awarded good conduct time to be subtracted from the remainder of the sentence, not from the year already served.  If the Bureau computed GCT in the manner you request as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of the prisoner's term of imprisonment.  The institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time.

Your appeal is denied.

___11/19/2004___
Date

Harrell Watts, Administrator
National Inmate Appeals